**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHANE USILTON, on behalf of himself and those similarly situated,<br>1900 Laurel Road<br>Apt. B-10<br>Lindenwold, NJ 08021<br><br>    and<br><br>THOMAS ONEY, on behalf of himself and those similarly situated,<br>96 Bellas Street<br>Kingston PA 18604<br><br><br>       Plaintiffs,<br><br>  v.<br><br>TRUEBLUE, INC.<br>1015 A Street<br>Tacoma, WA 98402<br><br>    and<br><br>LABOR READY, INC.<br>1015 A Street<br>Tacoma, WA 98402<br><br>    and<br><br>LABOR READY NORTHEAST, INC.<br>1015 A Street<br>Tacoma, WA 98402<br><br>    and<br><br>LABOR READY MID-ATLANTIC, INC.<br>1015 A Street<br>Tacoma, WA 98402<br><br>    and | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

LABOR READY SOUTHEAST, INC.
1015 A Street
Tacoma, WA 98402


        and

LABOR READY NORTHWEST, INC.
1015 A Street
Tacoma, WA 98402

        and

LABOR READY SOUTHWEST, INC.
1015 A Street
Tacoma, WA 98402


        and

LABOR READY CENTRAL, INC.
1015 A Street
Tacoma, WA 98402

        and

LABOR READY MIDWEST, INC.
1015 A Street
Tacoma, WA 98402


                Defendants

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Shane Usilton and Thomas Oney (hereinafter "Named Plaintiffs"), on behalf of themselves and those similarly situated, by and through their undersigned counsel, hereby complain as follows against Defendants TrueBlue, Inc., Labor Ready, Inc., Labor Ready Northeast, Inc., Labor Ready Mid-Atlantic, Inc., Labor Ready Southeast, Inc., Labor Ready

Northwest, Inc., Labor Ready Southwest, Inc., Labor Ready Central, Inc., and Labor Ready Midwest, Inc. (hereinafter collectively "Defendants").

## INTRODUCTION

1.       Named Plaintiffs have initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA").  Defendants intentionally failed to pay Named Plaintiffs and those similarly situated overtime and/or minimum wage compensation to which each was legally entitled and which was earned while in the employ of Defendants.  More specifically, Defendants failed to pay them for the time spent waiting for and receiving assignments, completing mandated paperwork, donning and doffing safety equipment, and transporting from the initial job site to the secondary job site, and back.

## JURISDICTION AND VENUE

2.       This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Named Plaintiffs' federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law.

3.       This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4.       Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because many of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5.       The foregoing paragraphs are incorporated herein as if set forth in full.

6.       Plaintiff Shane Usilton is an adult individual with an address as set forth above.

7.     Plaintiff Thomas Olney is an adult individual with an address as set forth above.

8.     Defendant TrueBlue, Inc. is a general labor staffing company, that is, upon information and belief, headquartered with an address as set forth in the caption.

9.     Defendants Labor Ready, Inc., Labor Ready Northeast, Inc., Labor Ready Southeast, Inc., Labor Ready Mid-Atlantic, Inc., Labor Ready Northwest, Inc., Labor Ready Southwest, Inc., Labor Ready Central, Inc., and Labor Ready Midwest, Inc.  (hereinafter "Labor Ready Defendants"), are affiliated corporations which provide temporary manual day labor to various companies throughout the United States.  Upon information and belief, Labor Ready Defendants are headquartered at the address as set forth in the caption.

10.     Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single, integrated, and/or joint employer for purposes of the instant action.

11.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     Named Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed as hourly employees by Defendants who were assigned to daily labor assignments within the last three years and who were/are subject to Defendants' unlawful

pay practices and policies as discussed *infra* (these members of this putative class will be referred to as "Collective Action Plaintiffs").

13.     Named Plaintiffs and Collective Action Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as discussed *infra*.

14.     There are numerous similarly situated current and former employees of Defendants who were compensated improperly in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

15.     Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

16.     Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

17.     The foregoing paragraphs are incorporated herein as if set forth in full.

18.     Named Plaintiffs and Collective Action Plaintiffs presently work for or, within the three years preceding the filing date of the instant action, worked for Defendants as day laborers or in positions with similar duties and pay practices..

19.     Defendants provide staffing for general labor positions nationwide through local staffing facilities.

20.     Plaintiff Usilton reported to work at Defendants' staffing facility located in Stratford, NJ.

21.     Plaintiff Oney reported to work at Defendants' staffing facility located in Wilkes-Barre, PA.

22.     Even though Named Plaintiffs reported to different locations of Defendants, each was subjected to the same unlawful pay practices of Defendants.

23.     Upon information and belief, such unlawful pay practices are uniformly enforced throughout the United States at each location of Defendants.

24.     Specifically, Named Plaintiffs and Collective Action Plaintiffs were/are required to report to a specific location of Defendants (hereinafter "Job Site 1") in order to receive their assignments.  In addition, Named Plaintiffs and Collective Action Plaintiffs were/are provided at Job Site 1 instructions regarding their assignments for the day, must fill out at Job Site 1 forms and documents required by Defendants, and were/are provided at Job Site 1 specific safety equipment which they must bring to and wear on assignment.

25.     Named Plaintiffs and Collective Action Plaintiffs were/are then transported from Job Site 1 to the job site where their assignments were/are to be carried out (hereinafter "Job Site 2").

26.     Upon information and belief, Defendants uniformly and consistently, at each and every one of Defendants' locations throughout the United States, failed to pay Named Plaintiffs and Collective Action Plaintiffs for the time spent at Job Site 1 waiting for and receiving their assignments for the day.

27.     Upon information and belief, Defendants uniformly and consistently, at each and every one of Defendants' locations throughout the United States, failed to pay Named Plaintiffs and Collective Action Plaintiffs for the time spent at Job Site 1 receiving and putting on safety equipment.

28.     Upon information and belief, Defendants uniformly and consistently, at each and every one of Defendants' locations throughout the United States, failed to pay Named Plaintiffs and Collective Action Plaintiffs for the time spent transporting from Job Site 1 to Job Site 2.

29.     Upon information and belief, Defendants uniformly and consistently, at each and every one of Defendants' locations throughout the United States, failed to track the time spent by Named Plaintiffs and Collective Action Plaintiffs at Job Site 1 waiting for and receiving assignments.

30.     Upon information and belief, Defendants uniformly and consistently, at each and every one of Defendants' locations throughout the United States, failed to track the time spent by Named Plaintiffs and Collective Action Plaintiffs at Job Site 1 waiting for, receiving, and putting on safety equipment.

31.     Upon information and belief, Defendants uniformly and consistently, at each and every one of Defendants' locations throughout the United States, failed to track the time spent by Named Plaintiffs and Collective Action Plaintiffs transporting from Job Site 1 to Job Site 2.

32.     In addition, toward the end of each workday (but short of the end of each workday) Named Plaintiffs and Collective Action Plaintiffs were required to clock out of work while still at Job Site 2, and then, while off the clock, were required to travel back to Job Site 1, were required to remove and return safety equipment at Job Site 1, were required to hand in documentation required by Defendants at Job Site 1, and were debriefed by Defendants at Job Site 1.

33.     Upon information and belief, Defendants uniformly and consistently, at each and every one of Defendants' locations throughout the United States, failed to pay Named Plaintiffs and Collective Action Plaintiffs for the time spent transporting from Job Site 2 to Job Site 1,

removing and returning safety equipment at Job Site 1, handing in documentation required by Defendants at Job Site 1, and being debriefed by Defendants at Job Site 1.

34.     Upon information and belief, Defendants uniformly and consistently, at each and every one of Defendants' locations throughout the United States, failed to track the time spent by Named Plaintiffs and Collective Action Plaintiffs transporting from the Job Site 2 to Job Site 1.

35.     Upon information and belief, Defendants uniformly and consistently, at each and every one of Defendants' locations throughout the United States, failed to track the time spent by Named Plaintiffs and Collective Action Plaintiffs removing and returning safety equipment at the end of the workday at Job Site 1.

36.     Upon information and belief, Defendants uniformly and consistently, at each and every one of Defendants' locations throughout the United States, failed to track the time spent by Named Plaintiffs and Collective Action Plaintiffs handing in documentation required by Defendants at the Job Site 1.

37.     At all times relevant hereto, Named Plaintiffs and Collective Action Plaintiffs were/are paid on an hourly basis, and only paid for the time they spent/spend at Job Site 2.

38.     As a result of Defendants' failure to pay Named Plaintiffs and Collective Action Plaintiffs for all hours worked, Defendants failed to pay overtime and/or minimum wage to Named Plaintiffs and Collective Action Plaintiffs.

**COUNT I**
**Violations of the Fair Labor Standards Act**
**(Failure to Pay Minimum Wage)**

39.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

40.     At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the FLSA.

41.     At all times relevant herein, Named Plaintiffs and Collective Action Plaintiffs were//are employed by Defendants as "employees" within the meaning of the FLSA.

42.     The FLSA requires covered employers, such as Defendants, to minimally compensate employees, such as Named Plaintiffs and Collective Action Plaintiffs, at the federal minimum wage rate for each hour worked.

43.     Defendant failed to pay Named Plaintiffs and Collective Action Plaintiffs the federal minimum wage for hours they worked.

44.     As a result of Defendants' failure to compensate Named Plaintiffs and Collective Action Plaintiffs the federal minimum wage, Defendants have violated and continue to violate the FLSA.

**COUNT II**
**Violations of the Fair Labor Standards Act**
**(Failure to Overtime Compensation)**

45.     The foregoing paragraphs are incorporated herein as if set forth in full.

46.     Defendants failed to accurately track the amount of hours Named Plaintiffs and Collective Action Plaintiffs worked/work each workweek.

47.     Named Plaintiffs and Collective Action Plaintiffs regularly worked/work in excess of 40 hours per workweek, but were/are not paid properly for such time, by either being paid straight time or overtime wages.

48.     Named Plaintiffs and Collective Action Plaintiffs are non-exempt employees under the FLSA

49.     As a result of Defendants' failure to compensate Named Plaintiffs and Collective Action Plaintiffs proper overtime compensation, Defendants have violated the FLSA and have damaged Named Plaintiffs and Collective Action Plaintiffs as set forth herein.

**WHEREFORE**, Named Plaintiffs and Collective Action Plaintiffs pray that this Court enter an Order providing that:

Defendants are to be prohibited from continuing to maintain its illegal policy, practice, or custom in violation of the FLSA;

Defendants are to compensate, reimburse, and make Named Plaintiffs and Collective Action Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions;

Named Plaintiffs and Collective Action Plaintiffs are to be awarded liquidated damages for Defendants' illegal actions, as provided under applicable law;

Named Plaintiffs and Collective Action Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

Named Plaintiffs and Collective Action Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate.

<div style="margin-left: 50%;">

Respectfully Submitted,

*/s Richard S. Swartz*
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
Manali Arora, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

</div>

June 20, 2011